.WINGERT et al. v. HARTLE, Tax Collector, et al.

In re WINGERT (five cases).

Nos. 3376–3380.

Circuit Court of Appeals, Fourth Circuit.

Dec. 7, 1932.

Miller Wingert, of Hagerstown, Md., for appellants.

Joseph D. Mish and Robert H. McCauley, both of Hagerstown, Md. (Edward Oswald, Jr., of Hagerstown, Md., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

These are appeals from orders entered in the five bankruptcy cases of Henry F. Wingert, William Wingert, Lewis P. Wingert, Martha A. Wingert, and Miller Wingert pending in the court below. These bankrupts prior to their adjudication were the owners as tenants in common with a sister, Julia E. Reamer, of certain lands in Washington county, Md. Mrs. Reamer died after their adjudication, and her one-sixth interest in the common property vested under her will in her husband and the five bankrupts. Taxes on the property held in common, assessed by the state of Maryland and the county of Washington for the years 1927, 1928, 1929, and 1930, amounting it is said to approximately $22,000, remained unpaid on May 4, 1932. Taxes on other property belonging to the estates of the bankrupts amounted to approximately $8,000. On May 4, 1932, the tax collector of Washington county filed a petition with the court below setting forth the fact that the taxes were due and asking that he be authorized and directed to sell certain of the common property described in the petition to enforce the collection of same. The court considered the petition and found the following facts:

"That funds in the hands of the trustees are either unavailable (till some distant future date), or insufficient to satisfy the taxes due; that all other personal property of the bankrupts has been disposed of; that taxes are due on all the properties selected to be sold by the Collector of State and County taxes, and that the said properties were not improperly selected to be sold; that it is unreasonable to require the said tax collector to wait any longer for satisfaction of the claims due and owing; that a sale at this time will work no undue hardship for the reason that these properties are of such a character that no increase in their value is to be expected in the reasonably near future; that the trustees are not the proper persons to sell the properties by reason of the fact that they have title to only an undivided five-sixths thereof, so that any sale by them would convey an imperfect title, which no purchaser would be willing to accept; that the trustees alone by paying the amount of the taxes due by the bankrupts would not satisfy the claims of the Collector of State and County taxes, and free the properties of tax liens, in that the bankrupts owe but five-sixths of the amounts due and the representatives of the remaining one-sixth have asserted that they are unwilling and unable to pay their respective shares."

Upon these findings the court authorized the tax collector to sell for taxes the property described in the petition "or so much thereof as may be necessary to satisfy his lien for taxes due and in arrears upon the property assessed against the within bankrupt estate, and should there be any surplus arising from the said sales, the said Barry M. Hartle is ordered to return the same, five-sixths thereof to the trustees in bankruptcy and one-sixth thereof to the representative of the estate of Julia E. Reamer, respectively." The bankrupts and executors of the estate of Mrs. Reamer have appealed from this order, which, due doubtless to inadvertence, uses language broad enough to authorize the application of the proceeds of sale of the joint property to taxes assessed against other property held by the bankrupt estates.

The court below was not vested with jurisdiction over the interest in the common property which belonged to Mrs. Reamer prior to her death, and could make no order respecting the sale thereof or the disposition of the proceeds of sale. It had the power, however, to give its consent to the sale by the tax collector for the enforcement of tax liens of the five-sixths interest in the property belonging to the estates of the bankrupts; and, with such consent, the tax collector could proceed under the law of Maryland to sell the property and out of the proceeds to pay, not only the taxes assessed against the property sold, but also any other taxes assessed against property held by the owners as tenants in common. He could not, of course, use any of the proceeds of the sale of the common property for the payment of taxes assessed against property of the bankrupts which was not held by them as tenants in common with Mrs. Reamer.

The orders appealed from will be modified so as to eliminate therefrom any direction to the tax collector to sell the one-sixth interest formerly belonging to Mrs. Reamer, or to apply the proceeds of the sale of said property to taxes assessed against property in which Mrs. Reamer had no interest, and so as merely to grant permission to the tax collector to

**420**

sell the property described in the petition freed of the interest of the bankrupt estates, for the enforcement of taxes assessed against property held by the bankrupt estates in common with Mrs. Reamer, upon condition that five-sixths of any excess be paid over to the trustee in bankruptcy; and, as so modified, the orders appealed from will be affirmed. The costs on the appeals will be divided.

Modified and affirmed.